182128, Carmelina Perez-Kudzma et al. v. United States et al. May I please say a quote? My name is Carmelina Perez-Kudzma. I'm an aid plaintiff. I'm the lead counsel for all the appellants. I would like to request three minutes for review. I hereby incorporate the statements made in the appellant's brief and state as followed. As Mohamed Badanvi said, you may never know what the results come of your actions, but if you do not, then there will be no results at all. Post the insular cases of more than 100 years ago, Puerto Rico has been treated as Puerto Rican citizens, and residents of the island as second-class citizens. Nevertheless, still they are entitled to live peaceful and healthy lives, free from government abuses of power and illegitimate discriminatory treatment in times of national emergencies. The district court erred when dismissing the well-planned claims upon which relief could have been granted, and stripped them away from a legitimate opportunity to go before an impartial judge, present evidence, and make pleadings as necessary. After the passage of Hurricane Maria, our president, Donald J. Trump, and the Department of Homeland Security and agency of the executive branch took discretionary actions to deny and refuse to extend the Jones Act for more than 10 days. Could you hone in on what you are alleging to be your particularized harm as a result of that? The particularized harm of the individual plaintiffs here? I would go to every plaintiff, specifically loss of property, the inability to rebuild, the inability to afford the tools, the cement, for example, the concrete, to be precise, the wood, and anything needed to rebuild their real estate. Also. Because you're saying what? Because you're saying that if you had been allowed to bring, to use cabbage from foreign vessels, that that would have arrived? I mean, why is that not just speculation? It's not speculation. I think there's plenty of evidence that the Jones Act causes goods to cost sometimes three times more than not having the Jones Act in place. And the Virgin Islands, in their website, the government website, sometimes to attract business, they specifically state that they're not subject to the Jones Act. Could you, in terms of what you wanted out of this lawsuit, what you asked for, as I understand it, your claim is that the government should have initiated the 10-day suspension sooner. It waited too long. And secondly, it should have been longer. It certainly waited too long. And also, it's inconceivable that a 10-day waiver would make any sense. Because it takes around seven days in front of the vessel for the nearest English port to arrive to the island. So I think you're saying yes to my question. Those are the two things you wanted. Yes. That was over two years ago. Yes. You asked for a temporary TRO in Puma Junction. You didn't get it. Why is that not all moved at this point? Because of damage still in place, because there are people in Puerto Rico, including some of the plaintiffs, that have not been able to completely rebuild their homes and their lives. So you're asking that now, two years after the storm, the Department of Defense declare a national defense issue with respect to Puerto Rico and suspend the Jones Act? Not suspend the Jones Act, Your Honor. I believe that the district court first decided that the 10-day waiver was not an abuse of discretion. But now you're on to the merits. I'm a more practical question. If we were to remand, what is it you would want the district court to do today, two years post Maria? The ability for the parents or plaintiffs to submit evidence to support that the damage caused to them and to people similarly situated is not finished. Nothing has been completed. The need is still there. Are you saying that you want us to find that the district court erred in not enjoining or that there should have been a continuing injunction? Are you challenging the constitutionality of the Jones Act? No, Your Honor. I'm not challenging the constitutionality of the Jones Act. I'm challenging the abuse of discretion in denying the waiver for more than 10 days. When this case was filed, October 2, 2018, that was less than two weeks after the passage of Maria. The injunction would have prevented... All right, so we say the court abused its discretion. And then what? We send back and tell the district court to do what? To assess whether or not, to assess the extent of any waivers as warranted. Because I believe there must be a determination with facts in evidence as to whether or not the... what type of waiver, if at all, is needed. But the denial of the waiver for more than 10 days after the passage of Maria in the parents' belief, I view, was wrong. I'm still not understanding what you want today. We don't sit here, and the district court doesn't sit here to declare that something two years ago was wrong. It has to be appended to some form of relief of some type. There's no damage claim here against the United States, as I understand it. So all we're talking about is declaratory or injunctive relief. And isn't that moot? It's way more... What would a court do today, would it? It's not moot because the emergency, the need still exists to rebuild. So exactly, if you could write the court's order today in one sentence, the district court should issue, what would it say? That this case shall be remanded to the district court for determination of whether or not a 10-day waiver is... What should the district court do today to fully satisfy you? To hold an evidentiary hearing as to whether or not a more than a 10-day... That's not... I'm talking bottom line, final judgment. You get to write your own judgment at the end of the case. What does it say? It says that the Jones Act, most waivers were meant to address national emergencies. And the conditions of Puerto Rico, the economic conditions of the people and the property in the Commonwealth of Puerto Rico still merit the assistance of, to have the opportunity to rebuild themselves at a reasonable cost. That sounds like a commentary on something that occurred two years ago. It doesn't sound like a relief. I'm really pressing you to... You get to declare the specific relief your clients get. What would it be? That the Jones, that Puerto Rico shall not be subject to the Jones Act to address the passage and devastation left by Hurricane Maria to their lives. You want a declaration that non-American ships should be able to transport goods to Puerto Rico? Now, are you looking for damages, money? We're not looking for damages. We're looking for the opportunity to be able to use the resources that we have to reasonably economically rebuild our lives. So I think you just said yes to the first part of it. Yes. So you want an order... Are we getting to something? You want an order today that non-U.S. flag vessels can deliver to Puerto Rico? For a reasonable amount of time, Your Honor. Today, because of the storm two years ago. To do that, it requires the Department of Defense. You want us to order the Department of Defense to declare today that there's a national defense emergency justifying suspension of some of the Jones Act requirements. Yes, because the hurricanes are likely to repeat themselves. And the emergency may take place again in a few months because we cannot control the climate. Thank you, Counselor.  My name is Anupama Balakrishnan for the United States. As the Court recognizes, Article III standing and prudential considerations are important at every stage of a litigation. And while they are hard to resolve at the motion to dismiss stage, where the well-pleaded allegations have to be taken as true, it is important that the Court look at standing at every stage of a litigation, including here. And as Your Honors noted, appellants cannot show that their alleged harms are not speculative. They cannot show that their alleged harms were caused by the government's action here, which was to grant a Jones Act waiver but to not extend it past the time that the Department of Defense said it was necessary. And it's important to note that nobody asked Secretary Duke, acting Secretary Duke at the time, to extend the waiver any more than 10 days. What Secretary Duke had before her was a request from the Department of Defense for a 10-day waiver for goods to arrive by October, I think, 18. And at the motion to the primary injunction hearing... With your understanding, how would you characterize the relief being sought by the defendant having sat with this for months now? Well, Your Honor, it sounds to me like the appellants would like relief from either the executive branch or the judicial branch that has to come from Congress. And that relief is either a temporary or permanent waiver of the Jones Act for Puerto Rico. And at the end of the day, it's only Congress that can give the appellant that relief. Congress enacted that statute in 1920 for two reasons. To repurpose the fleet that came from World War I to create a robust merchant marine and a shipping industry so that such ships could be used during times of war. And that's actually what happened in World War II. The ships were used. So what they're asking for... Now, Congress has put Puerto Rico in this Jones Act. They did that in 1922. Congress has also exempted the U.S. Virgin Islands, American Samoa, and the Northern Marianas. They've done that. Right now, the Jones Act applies to Puerto Rico. And Congress in 1950 gave the secretaries two ways to waive that weight. The first one was from a request from the Department of Defense saying that there was an issue of national defense. And then the second way, which is under 46 U.S.C. 501B, is if the secretary of the agency herself or himself determines that it's in the interest of national defense and that there are no American ships available. That is the only way what plaintiffs want can happen at this juncture. I will note that there have been congressional attempts to repeal the Jones Act. At least three in the past four years. In 2015, the late Senator John McCain sponsored a bill to repeal the Jones Act. In 2017, after Hurricane Maria, I believe it was a congressman from Alabama that sponsored a bill to waive the Jones Act for Puerto Rico for five years. And then just past March, March 2019, there was a senator, I believe from Utah, the Open Waters Act or something, and he sponsored a bill that would also give the relief that the appellants want here. So our position at the end of the day, whether it's standing or on the merits, is that the relief that's being requested here has to come from Congress. And it cannot come from the executive branch. And it cannot come from the judiciary. That is our position in this case. Thank you. Thank you, Your Honor. The appellants failed to address certain arguments after the decision of the district court. They waived the right to appeal the ruling on 12B1 grounds, the standing grounds. So I believe those standing grounds are waived. Also, the brief talks about political questions. Those were not even raised at the motion to dismiss level. Therefore, they should not have a base in this determination. Relief from Congress. We don't want relief from Congress, from the Jones Act. We want the executive branch to use and properly use the discretion that was granted by Congress to assess and waive without discrimination. There is no legitimate purpose to have subject Puerto Rico to the Jones Act in times of emergency. Also, it's important to state that Puerto Rico does not have a voice for the presidency of the United States or for Congress. So we are at the mercy of the sovereign. And for that reason, the duty of care shall be a higher duty of care. There is really no reason why the Virgin Islands and Puerto Rico going through the same catastrophe would have had unequal treatment. And that's exactly what happened, Your Honor. Thank you very much. Thank you. Dan. Dan. Dan.